UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **VALERIE MARTINEZ**, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| **EL PASO POLICE DEPARTMENT** and | § | **EP-22-CV-00350-DCG** |
| **EL PASO COUNTY DETENTION** | § | |
| **FACILITY**, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER EXTENDING PLAINTIFF'S DEADLINE
## TO DESIGNATE LOCAL CO-COUNSEL

Plaintiff's Counsel has filed a letter to the Court, which the Court construes as a motion to either

(1) reconsider the Court's prior order requiring Plaintiff to designate local co-counsel; or

(2) extend Plaintiff's deadline to designate local co-counsel.

Mot., ECF No. 15.  The Court declines to do the former, but it will do the latter.

### I.   BACKGROUND

**A.   The Western District of Texas's Local Rules**

Western District of Texas Local Rule AT-2 provides:

> A judge presiding has discretion to require, upon notice, that an attorney who resides outside the district designate as local counsel an attorney who is licensed in this court and maintains a law office in this district.  Local counsel must have authority to act as attorney of record for all purposes, and must be prepared to present and argue the party's position at any hearing or status conference called.

W.D. TEX. L.R. AT-2.

Until recently, the undersigned Judge's policy was to order all litigants with out-of-town attorneys to designate local co-counsel under Rule AT-2 as a matter of course.  I have now

changed that policy, and now order litigants with out-of-town attorneys to designate local co-counsel only when they have failed to obey the Court's Local Rules or the Federal Rules of Civil Procedure on multiple occasions. My rationale is that an out-of-town attorney who is unfamiliar with this Court's procedures—even one who is a member of this Court's bar—will benefit from the assistance of a local attorney who practices in this Court more frequently.

B.     This Case's Procedural History

1.     Plaintiff's Initial Failure to Timely File Proof of Service

Plaintiff filed this case on October 2, 2022.[1] Thus, under Federal Rule of Civil Procedure 4(m), Plaintiff's initial deadline to serve Defendants with process was January 3, 2023.[2]

Plaintiff didn't file proof that she served Defendants by that date in accordance with the Federal Rules.[3] Thus, on January 5, 2023, the Court ordered Plaintiff to serve all unserved Defendants and file proof of service no later than February 6, 2023.[4]

Plaintiff still hadn't filed proof of service by February 6, 2023.[5] Therefore, on February 9, 2023, the Court ordered Plaintiff to show cause why she failed to serve Defendants before the February 6th deadline expired.[6]

---

[1] Compl., ECF No. 1.

[2] *See* FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); *see also* 1st Service Order, ECF No. 4, at 2 & n.1 (calculating Plaintiff's initial service deadline).

[3] *See* FED. R. CIV. P. 4(*l*)(1) ("Unless service is waived, proof of service must be made to the court."); *see also* 1st Service Order at 1.

[4] *See* 1st Service Order at 2 (setting a February 4, 2023 deadline); *see also* 2d Service Order, ECF No. 5, at 1 n.1 (explaining that, because February 4, 2023 was a Saturday, Plaintiff's deadline automatically extended to February 6, 2023 under Federal Rule of Civil Procedure 6(a)(1)(C)).

[5] 2d Service Order at 1.

[6] *Id.* at 2.

Plaintiff responded that she failed to meet the deadline due to an error by Counsel's paralegal.[7]  Once Counsel discovered the error, Plaintiff served Defendants on February 9, 2023 and filed proof of service on February 13, 2023.[8]  The Court retroactively extended Plaintiff's service deadline to February 9, 2023, thereby rendering service timely.[9]

### 2. Plaintiff's Failure to Timely Respond to Defendant's Motion to Dismiss

Defendant City of El Paso moved to dismiss Plaintiff's claims on February 20, 2023.[10] Under Western District of Texas Local Rule CV-7(d)(2), Plaintiff's response to the City's motion was due March 6, 2023.[11]

Plaintiff didn't respond by that date as the Local Rules required.[12]  The Court notified Plaintiff that, although the Court could grant the City's motion to dismiss as unopposed under Local Rule CV-7(d)(2),[13] it would not do so because "the Fifth Circuit approaches the automatic grant of a dispositive motion, such as dismissal with prejudice based solely on a litigant's failure

---

[7] Resp. Order Show Cause, ECF No. 6, at 3–5.

[8] Summons Returned Executed, ECF No. 8.

[9] 3d Service Order, ECF No. 7, at 2.

[10] Mot. Dismiss, ECF No. 9.

[11] W.D. TEX. L.R. CV-7(d)(2) (providing that "[a] response to" a motion other than "a discovery or case management motion" is due "not later than 14 days after the filing of the motion"); *see also* Order Requiring Pl. Resp., ECF No. 10, at 1.

[12] Order Requiring Pl. Resp. at 1.

Nor did Plaintiff file an amended pleading in lieu of a response by March 13, 2023 as Local Rule 15(a) permits.  *See id.*; *see also* W.D. TEX. L.R. CV-15(a).

[13] W.D. TEX. L.R. CV-7(d)(2) ("If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed.").

to comply with a local rule, with considerable aversion."[14]  Instead, the Court ordered Plaintiff to respond to the City's motion to dismiss by March 21, 2023.[15]

Due to Plaintiff's earlier failures to comply with the applicable deadlines to serve Defendants, the Court expressed concern that "[t]his [wa]s not the first time Plaintiff ha[d] missed critical deadlines in this case."[16]  The Court therefore admonished Plaintiff and Counsel that it would "not tolerate future failures to comply with the Court's orders, rules, and deadlines."[17]

### 3.   The Court Orders Plaintiff to Designate Local Co-Counsel

The Court also observed that Counsel "resides outside the district" for the purposes of Rule AT-2—specifically, in Alabama.[18]  In the hopes that an attorney based in this District could help Plaintiff and Counsel comply with the Court's Local Rules and deadlines going forward, the Court ordered Plaintiff to designate local co-counsel under Rule AT-2.[19]  Plaintiff's current deadline to do so is April 13, 2023.[20]

---

[14] Order Requiring Pl. Resp. at 1–2 (cleaned up) (quoting *Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir. 2012)).

[15] *Id.* at 2.  Plaintiff met that deadline.  *See* Resp. Mot. Dismiss, ECF No. 12.

[16] Order Requiring Pl. Resp. at 2.

[17] *Id.*

[18] Local Co-Counsel Order, ECF No. 11, at 1; *see also* Mot. at 1 ("[I]t is correct that I reside outside the Western District of Texas.").

[19] *See* Local Co-Counsel Order at 1.

[20] *Id.*

## II.     DISCUSSION

### A.     The Court Will Not Reconsider its Decision to Order Plaintiff to Designate Local Co-Counsel

Counsel asks the Court to relieve Plaintiff of her obligation to designate local co-counsel. Mot. at 2. Counsel maintains that although he "reside[s] outside the district," he nonetheless "satisf[ies] the requirements for designation as local counsel" under Rule AT-2 because

(1) he is "admitted to practice within this Court;"

(2) his firm "maintains a law office within . . . El Paso" to which Counsel has "full access;" and

(3) "[A]s Plaintiff's counsel of record," Counsel has "authority to act for all purposes" and is "prepared to present and argue Plaintiff's position at any hearing or status conference called."

*Id.* at 1–2.

By its plain terms, however, Rule AT-2 authorizes the Court to require *any* "attorney who resides outside the district" to designate local co-counsel. *See* W.D. TEX. L.R. AT-2. Rule AT-2's prerequisites that an attorney be "licensed in this [C]ourt," "maintain[] a law office in this district," and "have authority to act as attorney of record for all purposes" are the qualifications that *the party's chosen co-counsel* must satisfy. *See id.* That is, the fact that *a litigant's out-of-town attorney* may also be "licensed in this court," "have authority to act as [the litigant's] attorney of record," and work for a firm that "maintains a law office in this district" doesn't render Rule AT-2 inapplicable. *See id.* To the contrary, the fact that that attorney "resides outside the district," by itself, authorizes the Court to order that attorney to "designate . . . local counsel" under Rule AT-2. *See id.* Put another way, an out-of-town attorney cannot serve as his own local counsel under the Local Rules. *Contra* Mot. at 1 ("I believe that I am qualified to serve as local counsel, per the language of Local Rule AT-2.").

The Court stresses, however, that nothing in Rule AT-2 requires local co-counsel to work for a different firm than the litigant's out-of-town attorney. *See* W.D. TEX. L.R. AT-2. If, as Counsel maintains, his firm "maintains a law office within this District, specifically, within El Paso itself," *see* Mot. at 1, it would be permissible for Counsel to designate an attorney from that office as his local co-counsel, so long as that attorney satisfies Rule AT-2's prerequisites, *see* W.D. TEX. L.R. AT-2. But the mere fact that Counsel has "full access" to his firm's El Paso office doesn't relieve him from the obligation to find a local attorney who could help him and his client follow this Court's rules, procedures, and deadlines.[21] *Contra* Mot. at 1.

### B.  The Court Extends Plaintiff's Deadline to Designate Local Co-Counsel

"In the event [this Court] disagrees with" Counsel's request that the Court reconsider its prior order, Counsel asks the Court to "grant Plaintiff additional time to procure satisfactory local counsel." *Id.* at 2. The Court does not object to Counsel's request, and will therefore give Plaintiff another 14 days to designate local co-counsel.

### III.  CONCLUSION

To the extent Plaintiff asks the Court to relieve her of the responsibility to designate local co-counsel under the Court's "Order Requiring Plaintiff to Designate Local Co-Counsel" (ECF No. 11), the Court **DENIES** Plaintiff's request.

To the extent Plaintiff asks the Court for more time to designate local co-counsel, the Court **GRANTS** her request. Plaintiff shall designate local co-counsel in accordance with Western District of Texas Local Rule AT-2 by **April 27, 2023**.

---

[21] The Court also notes that nothing in Rule AT-2 requires local co-counsel to maintain a law office within the specific Division in which the case is pending; the Rule only requires that local counsel "maintain[] a law office in this *district*." *See* W.D. TEX. L.R. AT-2 (emphasis added). Thus, there's no requirement that Plaintiff designate local co-counsel from El Paso; Plaintiff could designate an attorney who maintains his or her office anywhere in the District, such as Austin.

**So ORDERED and SIGNED this 13th day of April 2023.**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**