UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **VALERIE MARTINEZ**, | § |
| *Plaintiff*, | § § § |
| v. | § |
| | §  EP-22-CV-00350-DCG |
| **EL PASO COUNTY DETENTION FACILITY**, | § § § |
| *Defendant*. | § § |

## MEMORANDUM OPINION AND ORDER

The Court previously ordered Plaintiff Valerie Martinez to show cause why the Court shouldn't dismiss her claims against Defendant El Paso County Detention Facility on the grounds that the Detention Facility enjoys no separate legal existence from El Paso County and is thus not a proper defendant. Order Show Cause, ECF No. 13.

Plaintiff responded timely to the Order to Show Cause. Resp., ECF No. 16. Plaintiff has also asked the Clerk of Court to enter a default against the Detention Facility for failing to answer her Complaint. Default Req., ECF No. 17.

The Court **DENIES** Plaintiff's request that the Court enter a default against the Detention Facility and **DISMISSES** the Detention Facility from the case. However, the Court will give Plaintiff 14 days to move for leave to amend her Complaint to name a proper Defendant in the Detention Facility's place.[1]

---

[1] As explained below, *see infra* Section II.E, the Court doesn't now decide whether it will ultimately *grant* Plaintiff such leave. The Court merely grants Plaintiff an opportunity to move for such leave and argue why she's entitled to it.

I.      BACKGROUND

Plaintiff named the "El Paso County Detention Facility" as a defendant in this case. Compl., ECF No. 1, at 1.[2]  Invoking 42 U.S.C. § 1983,[3] Plaintiff alleges that after the Detention Facility "received [her] as an inmate," it unconstitutionally failed to provide her "treatment or medical attention" for nearly two weeks for an injury the police allegedly inflicted while arresting her.[4]  *Id.* at 4–5.  Plaintiff did not name El Paso County itself as a defendant. *See id.* at 1.

On February 13, 2023, Plaintiff filed a document purporting to prove that she served the Detention Facility with process on February 9, 2023.  Summons Returned Executed, ECF No. 8, at 3.  If that service was valid, the Detention Facility's deadline to answer or otherwise respond to Plaintiff's Complaint would have expired on March 2, 2023.[5]

The Detention Facility did not respond to Plaintiff's pleading by that date.  Nor has the County appeared on the Detention Facility's behalf to substitute itself as the named Defendant and respond to Plaintiff's claims.[6]

---

[2] Page citations in this Memorandum Opinion and Order refer to the page numbers assigned by the Court's CM/ECF system, not the document's internal pagination.

[3] 42 U.S.C. § 1983 authorizes a plaintiff to bring a lawsuit "against any 'person' for violation of federal rights." *E.g.*, *Daves v. Dallas County*, 22 F.4th 522, 532 (5th Cir. 2022) (en banc). "Municipalities . . . are 'persons' under Section 1983." *E.g.*, *id.*

[4] Plaintiff also named the "El Paso Police Department" as a defendant in this case.  Compl. at 1. Because the Department has no separate legal existence from the City of El Paso, *Martinez v. El Paso Police Dep't*, No. 3:22-CV-00350, 2023 WL 2764659, at *2 (W.D. Tex. Mar. 31, 2023), the City moved to substitute itself as a defendant in the Department's place and dismiss Plaintiff's claims.  Mot. Dismiss, ECF No. 9, at 1.  The Court granted the City's motion to substitute and dismissed Plaintiff's claims against the City as time-barred.  *See* 2023 WL 2764659, at *1–8.  The Detention Facility is now the only remaining Defendant.  *See* Compl. at 1.

[5] *See* FED. R. CIV. P. 12(a)(1)(A) (providing, with exceptions not applicable here, that "[a] defendant must serve an answer . . . within 21 days after being served with the summons and complaint").

[6] *See supra* note 4.

## II. DISCUSSION

**A.    Non-Jural Entities**

Under Fifth Circuit precedent, Plaintiff may sue the Detention Facility only if it "enjoy[s] a separate legal existence" from El Paso County. *See, e.g.*, *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979)). Unless the County "has taken explicit steps to grant" the Detention Facility "with jural authority," the Detention Facility "cannot engage in any litigation except in concert with the government itself." *See, e.g.*, *id*. Plaintiff thus bears the burden to show that the County granted the Detention Facility "the capacity to engage in separate litigation." *See, e.g.*, *id.* at 314. Otherwise, Plaintiff's lawsuit is "against an entity with no jural existence, and hence, subject to dismissal." *See, e.g.*, *id*.

Courts throughout the Circuit have held that, when a plaintiff sues a non-jural entity, the court may dismiss that entity from the case *sua sponte*.[7] Thus, even though neither the County nor the Detention Facility have appeared in this litigation, the Court may still dismiss Plaintiff's claims if the Detention Facility has no separate jural existence from the County.[8]

---

[7] *See, e.g.*, *Braden v. Collin Cnty. Detention Facility*, No. 4:22-CV-00151, 2023 WL 2384503, at *5 (E.D. Tex. Feb. 10, 2023), *report and recommendation adopted by* 2023 WL 2387210 (E.D. Tex. Mar. 3, 2023) (determining that county detention facility was "subject to *sua sponte* dismissal . . . because it is a nonjural entity"); *Ardison v. Caddo-Shreveport St. Level Interdiction Unit*, No. 18-0636, 2022 WL 989340, at *1 (W.D. La. Mar. 31, 2022) ("[A]ll claims against the Caddo-Shreveport Street Level Interdiction Unit are dismissed *sua sponte* on the grounds that it is not a legal entity with the capacity to be sued." (emphasis omitted)).

[8] The Court therefore rejects Plaintiff's argument that, by failing to appear and answer her Complaint, the Detention Facility waived any right to have Plaintiff's claims dismissed based on its nonjural status. *Compare* Resp. at 2–3, *with Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (raising "the issue of the defendants' capacity as a jural entity to sue or be sued" on the Court's "own motion" even though the defendants "neither asserted nor briefed the issue").

**B.     The Detention Facility is a Non-Jural Entity That is Not Amenable to Suit**

"[F]ederal courts in Texas have repeatedly and consistently held that a county's jail or detention facility is a nonjural entity that is not amenable to suit." *Braden*, 2023 WL 2384503, at *6.[9]  Judges in this Division have therefore determined that El Paso County's detention facilities "are not proper entities to be sued in a § 1983 action."[10]  Plaintiff thus cannot sue the Detention Facility, and the Court will dismiss Plaintiff's claims against it.[11]

**C.     The Court Need Not Permit Discovery Regarding the Detention Facility's Jural Status**

While Plaintiff does not dispute the "general legal principle" that "detention centers are usually not jural entities with the capacity to sue or be sued," she maintains that, "absent limited discovery," she is "not in a position to know whether [the Detention Facility] is sufficiently similar to" other county detention facilities "to be subject to the same legal principle." Resp. at 3.  Plaintiff therefore asks the Court not to "rule on this issue until Plaintiff is given an opportunity to conduct limited discovery" regarding the Detention Facility's jural status. *Id.*

---

[9] *See also, e.g.*, *Mitchell v. Lamar Cnty. Jail*, 5 F.3d 1496, 1993 WL 391567, at *2 (5th Cir. 1993) (unpublished) ("The district court correctly held that the [Lamar County] Jail is not a legal entity subject to suit."); *Evans v. Reeves Cnty. Detention Ctr.*, No. 09-CV-50, 2010 WL 11601267, at *1 (W.D. Tex. Apr. 27, 2010) ("Plaintiff has failed to show that Reeves County Detention Center has ever been granted the capacity to engage in separate litigation.  Thus, the Court finds that this lawsuit seeks recovery from a legal entity that does not exist for Plaintiff's purposes."); *Jackson v. Harris Cnty. Jail*, No. 22-3222, 2022 WL 4588414, at *2 (S.D. Tex. Sept. 29, 2022) ("Because the [Harris County] Jail lacks the capacity to be sued, it cannot be named as a defendant, and Jackson's claim against it must be dismissed.").

[10] *See Valdez v. El Paso Cnty. Jail Annex*, No. 15-CV-00006, 2015 WL 1509510, at *5 (W.D. Tex. Feb. 10, 2015) (Berton, J.), *report and recommendation accepted by* 2015 WL 1509508 (W.D. Tex. Mar. 16, 2015) (Cardone, J.) (dismissing plaintiff's claims against El Paso County Jail Annex); *see also Wright v. El Paso Cnty. Jail*, 642 F.2d 134, 136 n.3 (5th Cir. 1981) (commenting that it might "be appropriate on remand . . . to allow the plaintiff to amend his complaint to change the defendant El Paso County Jail to El Paso County").

[11] *See, e.g.*, *Robinson v. Pinion*, No. 05-6364, 2006 WL 2710443, at *3 (E.D. La. Sept. 19, 2006) ("A detention facility is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983.").

The Court acknowledges that at least one District Court in another Circuit has allowed a plaintiff to conduct discovery to determine whether a defendant was a legally separate entity from a municipality, instead of dismissing that defendant outright.[12] District Courts in Texas, however, have not.[13] The Southern District of Texas, for example, has ruled that if existing case law indicates that a municipality has not granted an entity the capacity to be sued, allowing the plaintiff to conduct discovery regarding that issue would be futile.[14]

As noted, existing authority overwhelmingly holds that county detention facilities in general—and El Paso County's detention facilities in particular—are not jural entities that a

---

[12] *See Blue Water Enters., Inc. v. Town of Palm Beach*, No. 16-81771, 2017 WL 3895592, at *6 (S.D. Fla. Sept. 6, 2017) ("Plaintiff has alleged that the Town of Palm Beach Police Department is a department of the Town of Palm Beach. Defendants' attorneys have argued that the Police Department does not have any legal existence separate and apart from the Town itself, but the Court cannot rely upon this statement. Any facts supporting this statement are in the possession of Defendants. Plaintiff should have an opportunity to conduct discovery on this issue.").

*But see Fulkerson v. Russell*, No. 3:17-cv-560, 2017 WL 6041954, at *2–4 & n.8 (M.D. Fla. Dec. 6, 2017) (distinguishing *Blue Water* and dismissing plaintiff's claims against county sheriff's department without first permitting discovery because the plaintiff did "not attempt to allege any fact suggesting that [the sheriff's department was] a separate legal entity subject to suit").

[13] *See Gipson v. Harris County*, No. 4:19-CV-2591, 2020 WL 6550543, at *3 (S.D. Tex. Oct. 15, 2020), *report and recommendation adopted by* 2020 WL 6544826 (S.D. Tex. Nov. 7, 2020) ("In response to the motion to dismiss, Plaintiff argues that discovery is needed to determine whether Harris County and [Defendant Harris County Constable Precinct 1] 'indeed function separately.' But Plaintiff's response fails to address clear case law . . . which dismissed claims against Constable Precinct agencies because Harris County had not granted them the authority to sue and be sued. . . . Therefore, Plaintiff cannot state a plausible claim for relief against Precinct 1."); *Garza v. City of Ennis*, No. 3:97-CV-1098, 1997 WL 756589, at *2, *4 n.9 (N.D. Tex. Dec. 3, 1997) (conceding, in the context of determining whether the plaintiffs' claims against the City of Ennis's Police Department were "warranted by existing law" for the purposes of assessing Rule 11 sanctions, that "discovery may have led to the finding that Ennis granted the Department a legal existence," but nonetheless dismissing plaintiffs' claims under Rule 12(b)(6) without allowing discovery because the plaintiffs had "not shown that Ennis" granted the Police Department "the capacity to engage in separate litigation").

[14] *See Gipson*, 2020 WL 6550543, at *3 (refusing to allow discovery regarding whether county constable precinct was a separate jural entity from the county itself because the Fifth Circuit and the Southern District of Texas previously issued unpublished opinions "dismiss[ing] claims against Constable Precinct agencies because [the county] had not granted them the authority to sue and be sued").

plaintiff may sue.[15]  The Court thus finds it highly unlikely that discovery would reveal that the County authorized the Detention Facility to engage in litigation as a standalone entity.  *Cf. Hilgert v. Mark Twain/Mercantile Bank*, No. 99–2031, 1999 WL 445706, at *1 (D. Kan. June 21, 1999) (declining, in a different context, to allow plaintiff "to pursue discovery to determine whether or not" certain entities could be held liable in a particular capacity because their "capacity to be sued [wa]s only speculative").  The Court thus dismisses the Detention Facility from this case without allowing Plaintiff to conduct discovery first.

**D.     The Court Denies Plaintiff's Request that the Clerk Enter a Default Against the Detention Facility**

Because Plaintiff can't sue the Detention Facility, the Detention Facility couldn't have defaulted by failing to respond to Plaintiff's Complaint.[16]  The Court therefore **DENIES** Plaintiff's request that the Clerk enter a default against the Detention Facility.

**E.     Plaintiff Has 14 Days to Move for Leave to Amend Her Complaint**

Even though the Court has now dismissed all the named Defendants from this case,[17] the Court will not yet enter a final judgment.  The Fifth Circuit has admonished lower courts to consider, when dismissing a plaintiff's claims against a non-jural entity, whether to let the plaintiff amend her complaint to name a proper defendant instead of dismissing the case outright.  *See Bailey v. Dall. Cnty. Jail Sys. Sheriff's Dep't*, 20 F.3d 469, 1994 WL 122233, at *2 (5th Cir. 1994) (unpublished) (district court "correctly held that Dallas County Jail is not a legal entity

---

[15] *See supra* notes 9–10 and accompanying text.

[16] *See, e.g.*, *Baker v. Durham Cnty. S.W.A.T. Team*, No. 1:14CV878, 2016 WL 2621972, at *4 (M.D.N.C. May 5, 2016), *report and recommendation adopted by* 2016 WL 3747615 (M.D.N.C. July 11, 2016) (concluding that court improperly entered default against municipal entities that did "not have the legal capacity to be sued").

[17] *See supra* note 4.

amenable to suit" but "erred" by not allowing plaintiff "to amend his complaint to name" Dallas County as a replacement defendant).[18]  The Court will therefore give Plaintiff 14 days to move for leave to amend her Complaint to name a jural entity (such as El Paso County) as a Defendant.[19]

In doing so, the Court stresses that it hasn't yet determined whether it will *grant* Plaintiff leave to amend her Complaint if she moves for it.  A court need not let a plaintiff amend her pleadings to substitute a jural entity in a non-jural Defendant's place if any such amendment would be futile.[20]  An amendment is futile, for instance, if the statute of limitations bars any claims the plaintiff might assert against the new defendant.[21]

---

[18] *See also, e.g.*, *Wright*, 642 F.2d at 136 n.3 ("[I]t may be appropriate on remand . . . to allow the plaintiff to amend his complaint to change the defendant El Paso County Jail to El Paso County.").

[19] *See, e.g.*, *Cadena v. El Paso County*, 946 F.3d 717, 721 (5th Cir. 2020) (adjudicating § 1983 claim against El Paso County).

The Court previously denied Plaintiff leave to amend her Complaint to add new allegations against the *City* because any claim against the City or its police officers would be time-barred.  *Martinez*, 2023 WL 2764659, at *7.  Thus, the Court will only allow Plaintiff to move for leave to amend her Complaint to name a proper defendant in the *Detention Facility's* place; it will not allow her to try to rehabilitate her time-barred claims against the City or its employees.

[20] *See Mitchell*, 1993 WL 391567, at *2 (agreeing that the Lamar County Jail was "not a legal entity subject to suit," but declining to allow the plaintiff to substitute the County in the Jail's place because the plaintiff's claim failed on the merits).

[21] *See, e.g.*, *Whitt v. Stephens County*, 529 F.3d 278, 282–83 (5th Cir. 2008) (affirming denial of leave to amend complaint to add new defendants where any claims against the new parties "would be barred by limitations").

Plaintiff alleges that County personnel unconstitutionally denied her adequate medical care from September 20, 2020 until October 2, 2020.  *See* Compl. at 4–5.  In Texas, there's a two-year limitations period for § 1983 claims alleging deliberate indifference to the plaintiff's medical needs.[22]  Thus, although the Court does not now decide when the limitations period for Plaintiff's claim ended, it's possible that it expired on October 2, 2022—several months ago.  If so, it might be futile to allow Plaintiff to amend her Complaint to substitute the County or some other entity as the correct Defendant unless some legal doctrine (like relation back) renders her claim against the County timely.[23]

Again, the Court takes no position on that issue now.  The Court merely notifies Plaintiff that if she accepts the Court's invitation to move for leave to amend her pleadings to name a proper defendant, she will have to explain in that motion—with citation to legal authority—why her proposed amendment isn't futile.[24]

---

[22] *See, e.g.*, *Nottingham v. Richardson*, 499 F. App'x 368, 375 (5th Cir. 2012) ("In examining whether the defendants acted with deliberate indifference toward Nottingham's medical condition, we limit our inquiry to the defendants' actions within the period of limitations . . . For suits under § 1983, state law supplies the applicable limitations period and tolling provisions . . . Texas law sets a two-year period of limitations for personal injury." (cleaned up)).

[23] *See, e.g.*, *Doe v. El Paso Cnty. Hosp. Dist.*, No. 13-CV-00406, 2015 WL 11598707, at *2–3 (W.D. Tex. July 17, 2015) ("Because Plaintiff's Third Amended Complaint relates back to her original pleading, allowing the amendment would not be futile on the ground that the claims against the new defendants are time-barred.").

[24] The Court also respectfully reminds Plaintiff that any motion she ultimately files must comply with all applicable procedural rules, including (but not limited to) Local Rule CV-7(b).  *See* W.D. TEX. L.R. CV-7(b) ("When a motion for leave to file a pleading . . . is required, an executed copy of the proposed pleading . . . shall be filed as an exhibit to the motion for leave.").